UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE PRESTON,
Pro Se,

      Plaintiff,

v.                                    CASE NO.  8:12-CV-2287-T-17MAP

PUBLIC STORAGE, INC.,
et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 32    Motion for Reconsideration

Plaintiff Anne Preston requests that the Court grant Plaintiff's Motion for Reconsideration to reopen this case, and that it be remanded back to the Trial Court for a jury trial, or that the Court "renders clear and succinct reasons in its written opinion why it would refuse to do so, devoid of any references to Plaintiff's corresponding case."

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189

Case No. 8:12-CV-2287-T-17MAP

F.R.D. 480, 489 (M.D. Fla. 1999).

    Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II.  Discussion

    The Court dismissed this case without prejudice pursuant to the Rooker Feldman doctrine (Dkt. 19); in that Order the Court explained the reasoning for the dismissal. The Court's opinion has not changed since that Order was entered on 12/27/2012. After consideration, the Court denies Plaintiff's Motion for Reconsideration.  The Court notes that Plaintiff Preston filed the Complaint which commenced this case; this case was not removed from Hillsborough County Circuit Court.  Even if the Court reopened this case, the Court could not remand it back to the Hillsborough County Circuit Court. Accordingly, it is

    **ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 32) is **denied**.

Case No. 8:12-CV-2287-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30th day of May, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record